**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DANIEL BAJOR,**                              Case Number 08-12401
                                                             Hon. Victoria A. Roberts

       **Plaintiff,**

v.

**WAL-MART CORPORATION,**

       **Defendant.**

_____/

**ORDER DENYING MOTION TO REMAND**

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand Case to Macomb County Circuit Court. The Court **DENIES** this motion.

**II.  BACKGROUND**

Plaintiff, a Caucasian male, formerly worked for Defendant Wal-Mart at its Warren, Michigan store. Proceeding pro se, Plaintiff filed a racial discrimination suit against Defendant in the Macomb County Circuit Court, where it was assigned case number 08-2113-CD. Plaintiff claims reverse discrimination during his employment and subsequent termination from Wal-Mart, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq., and the Michigan Elliot-Larsen Civil Rights Act ("MELCRA"), MCL 37.2202(1)(a). Defendant says it was improperly identified in the Complaint and that its correct name is Wal-Mart Stores East LP. It removed the case to this Court asserting original federal question and diversity jurisdiction. Plaintiff contends

federal jurisdiction is lacking and requests remand to state court. The relevant facts are taken from Plaintiff's complaint and the parties' pleadings.

Plaintiff was employed by Defendant as a custodial worker from February 14, 2007 through October 9, 2007. He was terminated on October 9, 2007 for admittedly taking three unauthorized breaks during his working hours on October 5, 2007. Plaintiff claims he took the breaks because he was ill and needed to sit down. Plaintiff claims he was treated differently than similarly situated African American employees who were allowed to engage in repeated acts of misconduct with little or no consequence. Plaintiff also claims African American workers were: (1) allowed to work unauthorized overtime; (2) not expected to perform as much work; (3) held to a less stringent dress code; (4) allowed to take lunch breaks at any time rather than at the designated time; and (5) paid more than similarly situated white employees. Plaintiff claims he had an excellent three-month performance evaluation and was never cited for misconduct other than the incident which resulted in termination. Plaintiff claims his termination for taking unauthorized breaks was a pretext for discrimination, based upon Defendant's "diversity policy" to terminate white employees once minority hiring goals were met.

In its Notice of Removal, Defendant says original subject matter jurisdiction exists based on the Title VII claim. Defendant also claims diversity jurisdiction. Plaintiff disputes those assertions and requests the matter be remanded to state court.

### III.  ARGUMENTS

####   A.  PLAINTIFF'S MOTION

Plaintiff argues this Court lacks jurisdiction because the matter does not meet the minimum jurisdictional threshold of $75,000.00. Plaintiff says his claim is valued at only

$30,000.00 to $35,000.00, well below this Court's jurisdictional limit.  In his Complaint, Plaintiff pleads that he "has suffered general and special, incidental and consequential damages, in excess of $25,000.00 . . ."  Comp. ¶73. The claimed damages include loss of enjoyment of life, past and future wages and other economic loss, emotional distress, future emotional distress, incidental damages and consequential damages . Comp. ¶73. In his Prayer for Relief, Plaintiff seeks to recover an unspecified amount.  Plaintiff says that MCR 2.111(B)(2) bars him from specifying a sum certain since the exact amount of damages can not be computed.

Plaintiff also claims the Court lacks jurisdiction because the lawsuit was not filed in or removed to this Court within the 90-day statute of limitations provided in the Equal Employment Opportunity Commission's ("EEOC") right-to-sue letter.  Plaintiff says he received a right-to-sue letter from the EEOC on February 15, 2008.  On May 13, 2008, 88 days later, he filed suit in state court.  On June 5, 2008, 110 days later, Defendant filed a Notice of Removal.  Accordingly, Plaintiff argues the federal court is barred from hearing his claim because the case was not removed within the 90-day "statute of limitations."

Although Plaintiff's Motion says he is suing only under the MELCRA, his Complaint specifically mentions violations under Title VII. See Comp. ¶68.

**B.    DEFENDANT'S RESPONSE**

Defendant says this Court has both original federal question and diversity jurisdiction.  Defendant asserts Plaintiff's Title VII claim arises under federal law and creates original jurisdiction.  As such, the case is properly removable to this Court. Because the Court has original jurisdiction, it also has supplemental jurisdiction over

Plaintiff's state law discrimination claim based on the MELCRA. Defendant further maintains this Court's jurisdiction is not defeated by Title VII's 90-day filing period since it is not a jurisdictional requirement, but a timing requirement similar to a statute of limitations. Defendant says the 90-day deadline is based upon the state court filing date, not the removal date.

Defendant also argues this Court has diversity jurisdiction because there is complete diversity between the parties and Plaintiff's potential damages exceed the jurisdictional limit. Defendant says there is no dispute with respect to diversity of citizenship since both parties agree on that issue. With regard to the amount in controversy, Defendant asserts that since Plaintiff seeks to recover an unspecified amount, Defendant can properly remove the case on a showing it is more likely than not that Plaintiff's claims meet the federal required amount in controversy. Defendant asserts that if Plaintiff were successful in this lawsuit, his back-pay award alone could amount to $55,440.00, an estimate based on date of termination through trial. Coupled with emotional distress damages, which could be quantified as one year's salary or $21,840.00 in this instance, and other damages which Plaintiff seeks, his claim could exceed the $75,000.00 jurisdictional limit if he prevailed. Defendant further says Plaintiff failed to comply with Local Rule 81.1, by not itemizing or estimating each category of damages cited in his Complaint. Accordingly, Defendant maintains Plaintiff's damage estimate is not specific enough to defeat diversity.

IV.  **APPLICABLE LAW AND ANALYSIS**

    A.  **REMOVAL**

In considering a motion to remand, a court's focus is restricted to its authority to

hear the case pursuant to the removal statute, 28 U.S.C. §1441. A civil case brought in state court may be removed by a defendant to federal district court if the case could have been brought in federal court originally. 28 U.S.C. §1441(a). The burden of establishing, by a preponderance, that there is federal jurisdiction is on the removing defendant. *Wilson v Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921); *McNutt v General Motors Acceptance Corporation of Indiana*, 298 U.S. 178, 189 (1936); *Gafford v General Electric Company,* 997 F.2d 150, 155 (6th Cir. 1993). All doubts are to be resolved against removal. *Her Majesty the Queen in Right of the Province of Ontario v City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the Unites States. 28 U.S.C. §1331. They also have diversity jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[,]" and is between citizens of different states." 28 U.S.C. §1332(a)(1). When the amount in controversy is challenged, the burden is on the removing party to prove, by the preponderance of the evidence, that the requirements of 28 U.S.C. §1332 are met. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993). Local Rule 81.1 applies when the complaint does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. §1332. In that case, the removing defendant must: (1) allege in the notice of removal that the amount in controversy exceeds the required jurisdictional amount, and (2) set forth the facts or other reasons that the removing defendant possesses that support that allegation or state that the removing defendant has no such facts at that time. E.D. Mich. LR 81.1(b). If the plaintiff then wishes to remand, Local Rule 81.1(d)

applies. Local Rule 81.1(d) states that if a plaintiff moves to remand, contending that the amount in controversy does not exceed the required jurisdictional amount, the plaintiff must include a signed statement of damages claimed, itemizing all damages by category and amount, with an estimate of the maximum amount and a detailed description of the factual basis for the estimate.

    B.      **FEDERAL QUESTION JURISDICTION**

        1.      **Title VII**

District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. With regard to Title VII claims, the states and federal government share concurrent jurisdiction. *Yellow Freight Sys., Inc. v Donnelly*, 494 U.S. 820, 831 (1990). Nonetheless, a civil action founded on a claim based on a federal statute, such as Title VII, may be removed regardless of the citizenship of the parties. 28 U.S.C. § 1441(b). Whenever a federal claim is joined with "one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." *Id.* § 1441©. "The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a).

Plaintiff now claims he is not suing under Title VII, but under the MELCRA. However, Plaintiff's Complaint says "employment decisions based on race are illegal under Title VII of the 1964 Civil Rights Act and also under Michigan's Elliot Larsen Civil

Rights Act." Compl. ¶68. Plaintiff's averment alleging violation of Title VII is sufficient to vest the Court with original subject matter jurisdiction over his Title VII claim. Moreover, because Plaintiff's race discrimination claim under MELCRA is based upon the same operative facts as his Title VII claim, this Court may properly exercise supplemental jurisdiction over that claim.

### 2. Title VII 90-Day Filing Requirement

42 U.S.C. §2000e-5(f)(1) states that a Title VII complaint must be filed in district court within 90 days of receipt of a right-to-sue letter from the EEOC. However, a right-to-sue letter is not a jurisdictional requirement for bringing a Title VII action. *Rivers v Barberton Bd. of Ed*, 143 F.3d 1029 (6th Cir. 1998). Rather, the failure to comply with the 90-day filing period is an affirmative defense. *Ruiz v. Shelby County Sheriff's Dep't*, 725 F.2d 388, 391 (6th Cir. 1984). Thus, even if the 90-day filing requirement is not met, the court would not lack subject matter jurisdiction over an otherwise properly filed claim. *Id*.

Plaintiff says he filed suit in state court 88 days after receipt of a right-to-sue letter. Because state courts share concurrent jurisdiction with federal courts over Title VII claims, his Title VII claim would be timely despite Defendant's later removal to federal court. Even if it were not timely filed, since the 90-day filing requirement is not a jurisdictional requirement, it would not deprive this Court of subject matter jurisdiction.

### C. DIVERSITY JURISDICTION

### 1. Diversity of Citizenship

Plaintiff is an individual resident of Michigan. Defendant, which says it was improperly identified in Plaintiff's Complaint, claims to be a Delaware Limited Partnership

with headquarters in Arkansas. Its two partners, WSE Management, LLC and WSE Investment, LLC, are Delaware limited liability companies. However, for the purpose of establishing jurisdiction, the citizenship of limited liability companies is determined based on the citizenship of all its members. Both of these limited liability companies have the same singular member, Wal-Mart Stores East, Inc. Wal-Mart Stores East, Inc. has a principal place of business in Arkansas, though it is unclear whether it is incorporated in Delaware or Arkansas. Because the state of incorporation of Wal-Mart Stores East, Inc. can not be determined, the exact citizenship of the LLCs can not be determined. However, whether it is Delaware or Arkansas, Defendant's citizenship would be diverse from that of Plaintiff.

### 2. Amount in Controversy

The general rule to determine jurisdiction pursuant to 28 U.S.C. §1332(a) is that the amount claimed by a plaintiff in good faith controls unless it appears to a legal certainty that the claim is for less than the jurisdictional amount or unless the amount claimed is merely colorable. *Bennett v. E.F. Hutton Co., Inc.*, 597 F. Supp. 1547, 1561 (N.D. Ohio 1984), citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). Where the amount-in-controversy cannot be determined from the plaintiff's papers, the Court may look to the defendant's removal petition and papers filed in opposition to the motion to remand. *Kennard v. Harris Corp.*, 728 F. Supp. 453, 454 (E.D. Mich. 1989). The Court may then make an independent evaluation of the value of the claim. *Id.* at 454. If it appears to a legal certainty that the amount in controversy is less than the jurisdictional amount, the case can be remanded to state court. *Id.*

In assessing whether the amount-in-controversy requirement is met here, the Court must determine: (1) the proper measure of the amount-in-controversy, and (2) whether Defendant has carried its burden.  On the first prong, Plaintiff's Complaint asserts damages for loss of enjoyment of life, past and future wages and other economic loss, emotional distress, future emotional distress, incidental damages and consequential damages.  Plaintiff pleads that he "has suffered general and special, incidental and consequential damages, in excess of $25,000.00.  In his Motion to Remand, Plaintiff says that his claim is valued at $30,000 to $35,000.  However, he has not submitted a signed statement of damages claimed, itemizing all damages by category and amount, with an estimate of the maximum amount and a detailed description of the factual basis for the estimate, as required by Local Rule 81.1(d).  Plaintiff does not otherwise explain how he arrived at his damage estimate, other than to suggest that he researched *Gail Robinson v. Wal-Mart Stores, Inc.*, Mich. App. No. 207973, an unpublished case, and determined it to be controlling on the issue of his damages.  However, unlike the Plaintiff here, the plaintiff in *Gail Robinson* filed suit solely under the MELCRA and was awarded a judgment of $25,000.00 plus statutory interest thereunder.  Because the amount-in-controversy cannot be determined from Plaintiff's pleadings, the Court looks at Defendant's Notice of Removal and Brief in Opposition to Plaintiff's Motion to evaluate the value of Plaintiff's claim.

In its Brief in Opposition, Defendant says that if Plaintiff prevailed in this lawsuit, his damages would exceed the $75,000.00 jurisdictional limit.  To arrive at that amount, Defendant estimates the various damages claimed by Plaintiff in his Complaint, as described above.  Defendant cites the cases of *Davis v Kindred Nursing Centers East,*

*LLC*, No. 2:05-CV-1128, 2006 WL 508802 (S.D. Ohio 2006) and *Epstein v Target Corp.*, No. 06-C-7035, 2007 WL 551552 (N.D. Ill. 2007) as standing for the proposition that potential back pay awards are based upon what a plaintiff would have earned from the time of termination until the time of trial.  Defendant establishes Plaintiff's annual salary by affidavit of the store manager.  Defendant reasonably quantifies Plaintiff's emotional distress damages, which could be quantified as one year's salary.  Defendant says an award could total $21,840.00.  Coupled with the loss of enjoyment of life, incidental and consequential damages which Plaintiff seeks, Defendant says the amount-in-controversy requirement is easily met.  Defendant's estimations are all reasonable.

    Plaintiff suggests the estimated potential back pay award is inflated because he obtained new employment which would reduce the amount of any such award.  However, because Plaintiff does not indicate the commencement date or salary of his new employment, an accurate potential back pay award cannot be determined.  Similarly, Plaintiff's pleadings do not allow for an accurate evaluation of his claim for present and future emotional distress, loss of enjoyment of life, incidental, and consequential damages since his Complaint does not contain specific allegations supporting those claims.  Thus, Plaintiff fails to provide sufficiently detailed information for the Court to conclude that he seeks less than $75,000.00 in his action.

    By contrast, Defendant provides specific reasons, supported by affidavit, to establish its assertion that the amount in controversy exceeds the jurisdictional minimum.  Accordingly, the Court finds Defendant properly measured the amount in controversy and met its burden to prove that this action exceeds the minimum jurisdictional threshold of $75,000.00.

## V. CONCLUSION

This Court has original subject matter jurisdiction over Plaintiff's Title VII claim, as well as supplemental jurisdiction over his state discrimination claim. This Court also has diversity jurisdiction based upon diversity of citizenship and amount-in-controversy. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 6, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 6, 2008.

s/Carol A. Pinegar
Deputy Clerk